UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH JAMES LINTZ, #889211,

        Petitioner,                                Case No. 18-cv-13053
                                                  Hon. Matthew F. Leitman

v.

WILLIS CHAPMAN,

        Respondent.
_____/

**OPINION AND ORDER (1) GRANTING PETITIONER'S MOTION
TO EXPAND THE RECORD (ECF No. 14), (2) GRANTING
RESPONDENT'S MOTION TO DISMISS (ECF No. 8), (3) DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1),
(4) GRANTING PETITIONER A CERTIFICATE OF APPEALABILITY,
AND (5) GRANTING PETITIONER LEAVE TO PROCEED IN FORMA
PAUPERIS ON APPEAL**

Petitioner Keith James Lintz is a state prisoner in the custody of the Michigan Department of Corrections. On September 6, 2013, a jury in the Cass County Circuit Court found Lintz guilty of two counts of first-degree murder, Mich. Comp. Laws § 750.316, and possession of a firearm during commission of a felony, Mich. Comp. Laws § 750.227b. The state trial court sentenced Lintz to a life sentence without the possibility of parole on each murder conviction and a two-year sentence on the felony-firearm conviction.

On September 28, 2018, Lintz filed a *pro se* petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254 (the "Petition"). (*See* Pet., ECF

1

No. 1.) In the Petition, Lintz raises claims related to the removal of a witness from the prosecution's witness list and the effectiveness of trial counsel. (*See id.*)

The matter is now before the Court on Respondent's motion to dismiss the Petition as untimely under the one-year statute of limitations applicable to federal habeas actions. (*See* Mot. to Dismiss, ECF No. 8.) Lintz filed a timely response to that motion (*see* Resp. ECF No. 11), and the parties have submitted supplemental briefs in support of their arguments (*see* Supp. Brs., ECF Nos. 13, 16). The Court has carefully reviewed the Petition and the parties' briefs, and, for the reasons stated below, it concludes that the Petition is untimely and must be dismissed.[1] However, the Court grants Lintz a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

**I**

Lintz's convictions arise from the shooting deaths of a couple in their home in Cass County, Michigan on February 5, 2010. Following Lintz's convictions and sentencing, he filed an appeal of right with the Michigan Court of Appeals. That court affirmed his convictions. *See People v. Lintz*, 2015 WL 1214812 (Mich. Ct. App. March 17, 2015). Lintz then filed an application for leave to appeal with the

---

[1] On August 19, 2019, Lintz filed a motion to expand the record. (*See* Mot., ECF No. 14.) The Court **GRANTS** that motion. However, for all of the reasons stated above, none of the additional documents identified in that motion alter the Court's conclusion that Respondent's motion to dismiss should be granted.

2

Michigan Supreme Court, and that court denied the application on September 29, 2015. *See People v. Lintz*, 869 N.W.2d 600 (Mich. 2015).

On November 30, 2016, Lintz filed a motion for relief from judgment with the state trial court.² (*See* ECF No. 9-17.) That court denied the motion on December 16, 2016. (*See* ECF No. 9-18.) Lintz filed applications for leave to appeal with the Michigan Court of Appeals and the Michigan Supreme Court. Both courts denied the applications. *See People v. Lintz*, No. 338669 (Mich. Ct. App. Aug. 16, 2017); *People v. Lintz*, 915 N.W.2d 348 (Mich. 2018).

Lintz filed the Petition in this Court on September 27, 2018.³ (*See* Pet., ECF No. 1.) Respondent thereafter filed the instant motion to dismiss the Petition as

---

² Lintz signed and dated the motion for relief from judgment on November 30, 2016. (*See* ECF No. 9-17, PageID.2177.) The state court did not receive the motion for filing until December 6, 2016. (*See id.*, PageID.2175.) Generally, "[u]nder the federal prison mailbox rule, a *pro se* prisoner's court documents are considered 'filed' when he delivers them to prison authorities for mailing." *Shaykin v. Romanowski*, 2016 WL 193381, at *3 (E.D. Mich. Jan. 15, 2016). However, there is a dispute in this district with respect to whether this rule applies to a motion for relief from judgment filed in a Michigan state court. *Compare Shaykin*, 2016 WL 193381, at *5 (applying prison mailbox rule to filing of motion for relief from judgment in state court) with *Smith v. Palmer*, 2015 WL 5707105, at *5 (E.D. Mich. Sept. 29, 2015) (concluding that prison mailbox rule did not apply to motion for relief from judgment filed in state court). The Court need not resolve this conflict because even if the Court gives Lintz the benefit of the doubt, and considers his state-court motion for relief from judgment filed as of November 30, 2016, it would not change the Court's analysis or conclusion that the Petition was untimely and that Lintz is not entitled to equitable tolling of the applicable statute of limitations.
³ The Petition is dated twice. It is dated both September 5, 2018, and September 27, 2018. (*See* Pet., ECF No. 1, PageID.14.) But Lintz declared in the Petition that he

3

untimely. (*See* Mot to Dismiss., ECF No. 8.) More specifically, Respondent contends that Lintz failed to the file the Petition within one year from the date on which Lintz's convictions became final on direct review. (*See id*.) Lintz filed a response to the motion in which he acknowledges that he did not file the Petition within one year from the date on which his convictions became final. (*See* Resp., ECF No. 11.) But Lintz insists that he is entitled to equitable tolling of the applicable statute of limitations because (1) he experienced mailing delays in the United States mail and prison mail systems and (2) he lacks legal knowledge, had limited access to legal materials, and experienced delays related to assistance he received from his brother (a non-attorney).

On June 20, 2019, the Court ordered the parties to file supplemental briefs. (*See* Order, ECF No. 12.) Lintz filed a response to that order providing additional arguments and authority in support of his claim for equitable tolling. (*See* Lintz Supp. Br., ECF No. 13.) Respondent filed a reply brief contending that Lintz's explanation for his late filing is not worthy of belief and equitable tolling is not warranted. (*See* Respondent Reply Br., ECF No. 16.)

---

did not place the Petition in the prison mail system until September 27, 2018. (*See id.*)

4

# II

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. Lintz is subject to AEDPA because his convictions and sentences became final after AEDPA's effective date.

AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the prescribed time period is subject to dismissal. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (affirming dismissal of habeas petition filed 13 days late); *Wilson v. Birkett*, 192 F.Supp.2d 763, 765 (E.D. Mich. 2002) (dismissing untimely filed habeas petition); *see also Julian v. Parish*, 2018 WL 6434524, at *3 (E.D. Mich. Dec. 7, 2018) (dismissing habeas petition as untimely where the petitioner filed post-conviction motion for relief from judgment one day after the limitations period had expired).

### III

### A

Lintz did not file the Petition within AEDPA's one-year statute of limitations. That limitations period began to run on December 28, 2015, when Lintz's convictions became final on direct review.[4] Therefore, absent any tolling of the statute, Lintz had to file the Petition by no later than December 28, 2016.[5]

---

[4] The Michigan Supreme Court denied Lintz leave to appeal on direct review on September 29, 2015. Lintz's convictions therefore became final 90 days later, on or about December 28, 2015. *See Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007).

[5] 2016 was a leap year. "Congress expressed AEDPA's limitations period in terms of years, not days, and [] the Sixth Circuit—as well as every other Circuit—therefore has adopted the 'anniversary method' to calculate AEDPA's statute of limitations." *Moss v. Winn*, 2019 WL 2523550, at *2 (E.D. Mich. June 19, 2019) (citing cases). Under the "anniversary method," the AEDPA statute of limitations period expires on the one-year anniversary of when a petitioner's conviction became final. *See id.* "Several courts have explicitly applied the anniversary method to leap years,

The Petition was subject to a period of statutory tolling under 28 U.S.C. § 2244(d)(2). Under that statute, AEDPA's one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment is pending…." This tolling provision applies here because on November 30, 2016, Lintz filed a motion for relief from judgment with the state trial court. At the time Lintz filed that motion, 338 days of AEDPA's one-year statute of limitation had elapsed; 28 days remained.

The state trial court denied Lintz's motion for relief from judgment, and on July 27, 2018, the Michigan Supreme Court denied Lintz leave to appeal that decision. The AEPDA statute of limitations began running again on that day. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Thus, Lintz had 28 days, or until August 24, 2018, to file the Petition. However, Lintz did not file the Petition until September 27, 2018 – more than a month (34 days) after AEDPA's one-year period had expired.

---

concluding that the petitioner's time to act expired on the same date a year after the limitations period began to run." *Id.* at *3 (collecting cases). Thus, here, in order to comply with AEDPA's statute of limitations, absent any tolling of the statute, Lintz had to file the Petition by December 28, 2016, 366 days after his convictions became final. *See Leon v. Paris*, 2015 WL 4394327, at *2 n.2 (M.D. Tenn. July 16, 2015) (collecting cases and explaining that "[b]ecause 2012 was a leap year, with 29 days in February, the Court calculates the one-year limitation period as comprising 366 days").

7

The chart below displays the relevant dates related to the filing of the Petition and the amount of time remaining in the AEDPA one-year statute of limitations:

| **Event** | **Date** | **Days Remaining in AEDPA One-Year Limitations Period** |
|---|---|---|
| Lintz's conviction becomes final on direct review/AEDPA limitations period begins to run | December 28, 2015 | 366 |
| Lintz files motion for relief from judgment in state court/AEPDA limitations period is tolled | November 30, 2016 | 28 |
| Michigan Supreme Court denies leave to appeal on collateral review/AEDPA limitations period begins running again | July 27, 2018 | 28 |
| AEDPA one-year statute of limitations expires | August 24, 2018 | 0 |
| Lintz files the Petition in this Court | September 27, 2018 | -34 |

As displayed on the chart, Lintz did not timely file the Petition, and it is therefore subject to dismissal.

**B**

Lintz acknowledges that he did not file the Petition within AEDPA's one-year statute of limitations. Instead, he urges the Court to hold that the limitations period was equitably tolled and to deem the Petition timely on that basis. The Court concludes that equitable tolling is not warranted here.

8

AEDPA's one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling in certain circumstances. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applie[s] only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt,* 337 F.3d 638, 62 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Lintz argues that he is entitled to equitable tolling for two reasons: (1) he encountered unanticipated mailing delays and (2) he filed the Petition with only the assistance of his brother, who is not an attorney, and he lacked access to certain legal materials. Neither ground entitles Lintz to equitable tolling.

### 1

As an initial matter (and before turning to Lintz's specific grounds for equitable tolling), the Court notes that there is a serious question as to whether Lintz

acted with reasonable diligence. Lintz waited 338 days after his convictions became final on direct review to file his motion for relief from judgment with the state trial court. That left Lintz just 28 days with which to file the Petition after the state courts completed their review of that request for relief. Lintz does not even attempt to explain why he allowed 338 days to pass before seeking collateral review in state court.

## 2

Lintz first asserts that he is entitled to equitable tolling because he experienced certain mailing delays while preparing the Petition with the aid of his brother. Lintz offers the following timeline of mailings and receipts of mailings: (1) his brother mailed him a copy of the Petition on July 13, 2018; (2) he received notice that the mailing was lost/destroyed during the week of July 23, 2018; (3) his brother mailed him a second copy of the Petition during the week of August 13, 2018; (4) he did not receive that mailing until the week of September 17, 2018; and (5) he delivered the Petition to prison officials for mailing on September 27, 2018.

Lintz has failed to show that any mailing delays are responsible for his untimely filing. To begin, Lintz has not attempted to explain why it took his brother roughly three weeks to send him a second copy of the Petition once Lintz learned that the first version had been lost. Nor has Lintz explained why he waited until September 28, 2018, to place the Petition in the prison mail after receiving that

10

document nearly ten days earlier. Moreover, Lintz's timeline of mailings and receipts is not reliable. For example, Lintz says that he did not receive the second mailing of the Petition until the week of September 17, 2018, but he dated the Petition nearly two-weeks earlier: September 5, 2018. (*See* Pet., ECF No. 1.) Lintz has not sufficiently explained this discrepancy. Finally, Lintz has not explained how the alleged mailing delays prevented him from filing a form habeas petition – in lieu of the particular draft habeas petition with which his brother was assisting – with this Court before the one-year period expired. For all of these reasons, Lintz has not persuaded that the Court that he is entitled to equitable tolling based on the alleged mailing delays.

**3**

Lintz next argues that he is entitled to equitable tolling because he is untrained in the law, is (or was) proceeding with only the assistance of his brother (a non-lawyer), had limited access to legal materials, and/or was unaware of the statute of limitations or mistaken about its application. Lintz is not entitled to equitable tolling on these bases.

First, Lintz is not entitled to equitable tolling based on his reliance on his brother. *See, e.g., Smith v. Beightler*, 49 F. App'x 579, 580-81 (6th Cir. 2002) (habeas petitioner's claim that he was nearly blind and had to rely on other inmates did not warrant tolling); *Allison v. Smith*, 2014 WL 2217238, at *5 (E.D. Mich. May

29, 2014) (citing *Beightler* and ruling that bad advice from fellow inmate or other non-lawyers does not warrant equitable tolling); *accord Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (state inmate was not entitled to tolling based upon reliance upon helpers who were transferred or too busy to attend to petition); *Gurule v. Cate*, 2012 WL 6147874, at *6 (C.D. Cal. Nov. 6, 2012) (untimeliness not excused by petitioner's reliance on family members who were too busy to assist him in securing counsel). Lintz's reliance upon his brother "'does not relieve [him] from the personal responsibility of complying with'" AEDPA's limitations period. *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)).

Second, Lintz's *pro se* status, that he is untrained in the law, and the alleged unavailability of certain legal materials also do not entitle him to equitable tolling. These factors are not a kind of "extraordinary circumstances" that entitle a habeas petitioner to equitable tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (*pro se* status is not an extraordinary circumstance warranting equitable tolling); *Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (illiteracy is not a basis for equitable tolling); *Holloway v. Jones*, 166 F.Supp.2d 1185, 1189 (E.D. Mich. 2001) (lack of legal assistance does not justify tolling).

For all of these reasons, Lintz has not persuaded the Court that he is entitled to equitable tolling of AEDPA's one-year statute of limitations.[6]

**IV**

For all of the reasons stated above, the Court concludes that the Petition is untimely and that Lintz is not entitled to equitable tolling of AEDPA's one-year statute of limitations. Accordingly, the Court **GRANTS** Respondent's motion to dismiss (ECF No. 8) and **DISMISSES** the Petition (ECF No. 1) **WITH PREJUDICE**.

Before Lintz may appeal the Court's decision, the Court must issue him a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason

---

[6] A habeas petitioner may also be entitled to equitable tolling where the petitioner shows that he is actually innocent. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). Lintz has not attempted to make such a showing here. He is therefore not entitled to equitable tolling on that basis.

would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See id.* In this case, jurists of reason could find debatable the Court's procedural ruling that the Petition is untimely. Accordingly, the Court **GRANTS** Lintz a certificate of appealability.

Finally, the Court finds that an appeal from this decision can be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **GRANTS** Lintz leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 25, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 25, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

14