UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH JAMES LINTZ, #889211,

    Petitioner,                                      Case No. 18-cv-13053
                                                                   Hon. Matthew F. Leitman

v.

WILLIS CHAPMAN,

    Respondent.
_____/

**ORDER ON REMAND GRANTING PETITIONER'S MOTION TO REOPEN THE TIME TO FILE A NOTICE OF APPEAL (ECF No. 19)**

    This matter is before the Court on limited remand from the United States Court of Appeals for the Sixth Circuit. (*See* Order, ECF No. 22.) The Sixth Circuit has directed this Court determine whether Petitioner Keith James Lintz's time to file a notice of appeal should be reopened. (*See id.*) The Court concludes that it should.

    On March 25, 2020, the Court issued an Opinion and Order (1) dismissing Lintz's habeas petition, but (2) granting Lintz a certificate of appealability and leave to proceed *in forma pauperis* on appeal. (*See* Op. and Order, ECF No. 17; Judgment ECF No. 18.) Lintz's notice of appeal should have been given to prison officials for mailing by no later than April 24, 2020, in order for it to be considered timely filed. However, Lintz's notice is appeal is dated May 4, 2020. (*See* Notice of Appeal, ECF No. 19.) Lintz asserted in his notice of appeal that he could not file his appeal earlier

1

than May 4 because he did not receive notice of the Court's dispositive decision until April 20, 2020, and he had limited access to the law library due to the COVID-19 pandemic. (*See id.*, PageID.2477.)

The Sixth Circuit held that Lintz's May 4, 2020, notice of appeal should be treated as a motion under Federal Rule of Appellate Procedure 4(a)(6) to reopen the time to file an appeal. (*See* Order, ECF No. 22, PageID.2485.) Federal Rule of Appellate Procedure 4(a)(6) provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed from within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

Lintz satisfies these requirements. His pleadings indicate that he did not receive a copy of the Court's dispositive decision until April 20, 2020, more than 21 days after it was issued; he filed his notice of appeal (*i.e.*, his request to reopen) within 14 days of receiving notice of the Court's decision; and there is no apparent

prejudice to the parties from reopening the time to appeal. The Court therefore **GRANTS** Lintz's motion to reopen the time to file an appeal. Because Lintz already filed his notice of appeal on May 4, 2020, that notice is timely filed. The Court **DIRECTS** the Clerk of the Court to return this case to the Sixth Circuit for further proceedings.

    **IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 9, 2020

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 9, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764